GLADNEY, Judge.
In this suit arising from an automobile collision the plaintiff Stanley Himmelstein has appealed from a judgment rejecting his demands against Herman R. Robinson and State Farm Mutual Automobile Insurance Company.
This accident occurred on the afternoon of September 10, 1965 in front of the New Way Laundry & Dry Cleaning Company located on the east side of Market Street in Shreveport. At the time it was cold and misty. Himmelstein had approached the laundry from the south and parked in a diagonal parking space. After transacting his business he re-entered his car and made a backing 180° u-turn. As a result of this maneuver his automobile was stopped partially in one of the parking spaces and partially within the street with the front end thereof facing diagonally to the south. On either side were cars parked diagonally. While Himmelstein was in this position with one-half of the front of his vehicle protruding into Market Street, Herman Robinson was driving northward on Market at a speed which he estimated at thirty miles per hour. In approaching the situs of the accident Robinson passed over a slight hill some 240 feet away. He testified that when he was approximately 40 feet from the place of impact he observed the Himmelstein car moving into the street. Thereupon, he immediately applied his brakes and turned his car to the left as far as possible without interfering with traffic approaching from the north. Despite his efforts he was unable to avoid the accident. Himmelstein testified that he had moved his car enough forward to permit him to observe approaching traffic and that while his car was at rest the collision took place. He stated his car did not go beyond the parking area reserved for automobiles on Market Street, and that he did not observe the approach of Robinson until he was some 40 feet away.
Market Street is a two lane hard-surfaced street which carries a great deal of traffic. To the south of the laundry approximately 240 feet the street crests a slight hill with declination towards the laundry. Robinson testified that he did not see the Himmelstein car as he came over the crest of the hill. Similar testimony was given as to the Robinson car by Himmelstein. The latter probably was mistaken in testifying his car was not protruding beyond the cars parked in the diagonal spaces for if true the accident would not have occurred without involving one or more of the parked cars.
In addition to the two motorists Beatrice McConnell was the only other eyewitness to the accident. However, her testimony adds but little to the resolution of the case. It corroborates Robinson’s testimony to the effect other vehicles were approaching from the north at the time of the collision which prevented him from turning left into the lane reserved for southbound traffic. She also testified that the Himmelstein car was extending into the street about one-half of its length.
The defendants assign error to the ruling of the trial judge in failing to hold that Robinson’s speed under the existing circumstances was excessive and a proximate cause of the accident. Also error is charged •in failing to hold that Robinson was not maintaining a proper lookout. Defendants on the other hand plead the contributory negligence of Himmelstein in driving his car into the path of the Robinson automobile at a time when Robinson could not avoid the collision and his failure to make proper observation.
In his reasons for judgment the trial judge found both parties guilty of negligence. He found Robinson guilty of excessive speed which though not in excess of the speed limit the court considered it excessive due to the prevailing weather conditions. He also resolved that Himmelstein was negligent in blocking traffic on Market Street.
A most serious question presented is whether in truth and in fact Himmelstein was moving into Market Street beyond the *210 parking area at a time when Robinson could not avoid striking his vehicle. We doubt the vehicle of Himmelstein was at rest when the collision occurred.
The issues so presented are purely factual in nature. It is our conclusion that the judgment should be affirmed at appellant’s cost.